IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BRANDON HORACE ROWLAND,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV506-041

ROB SMITH, Sheriff; COFFEE COUNTY
SHERIFF'S DEPARTMENT, and
COFFEE COUNTY, GEORGIA,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Coffee County Detention Center in Douglas, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he warned officers Wilcox and West, before being put into a cell with an inmate who Plaintiff had in the past had problems with, that he feared for his safety. The officers still put him in this cell with the inmate. Plaintiff asserts that he was attacked by several inmates which resulted in a ruptured spleen. Plaintiff then alleges that he was placed into a cell with the same inmate after again advising another officer that he feared for his safety. Plaintiff does not claim to have been attacked this time.

In his Complaint, Plaintiff names the Coffee County Sheriff's Department as a Defendant. While local governments qualify as "persons" to whom section 1983 applies, <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978); <u>Parker v. Williams</u>, 862 F.2d 1471, 1477 (11th Cir. 1989), police departments, as mere arms of such governments, are not generally considered legal entities subject to suit.

2

AO 72A
(Rev. 8/82)

See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Accordingly, Plaintiff cannot state a claim against the Coffee County Sheriff's Department, as it is merely the vehicle through which the county governs and is not a proper party defendant.

Plaintiff also names Coffee County as a defendant. It is established law that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under Sec. 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978).

Plaintiff also names Sheriff Smith as a defendant. There is no mention of Defendant Smith in the complaint, and no connection is made between the actions of Defendant Smith and the resulting injury to the Plaintiff. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). It appears that Plaintiff has named Defendant Smith as a defendant solely because of his supervisory role; therefore, this claim fails.

## CONCLUSION

Based on the foregoing, it is my recommendation that Plaintiff's complaint be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 4th day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)